JUDGE KOELTL

Marc P. Berger
Sanjay Wadhwa
Gerald Gross
Alexander M. Vasilescu
James Hanson
Karen Lee
Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, New York 10281
(212) 336-0178 (Vasilescu)

# 18 CV 942

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, **Plaintiff**, <br><br> -against- <br><br> NICHOLAS J. GENOVESE, <br> WILLOW CREEK INVESTMENTS, LP, and <br> WILLOW CREEK ADVISERS, LLC, <br><br> **Defendants.** | **ECF CASE** <br><br> **COMPLAINT** <br><br> _____ CIV. _____ (   ) <br><br> **JURY TRIAL** <br> **DEMANDED** |

        Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against

defendant Nicholas J. Genovese ("Genovese"), Willow Creek Investments, LP ("Willow Creek

Fund"), and Willow Creek Advisers, LLC ("Willow Creek," and together with Willow Creek

Fund, the "Willow Creek Defendants") (collectively, the "Defendants"), alleges as follows:

## SUMMARY

1.       This is an emergency action to stop an ongoing securities fraud being perpetrated

by Genovese, a financial con-artist who, by concealing his criminal past and lying about his

resume, including his money-management and securities industry experience, has fraudulently

obtained millions of dollars from unsuspecting investors.  Since at least 2014, Genovese and his

entity, Willow Creek Fund, have raised at least $5.32 million from at least 6 investors by

knowingly or recklessly making oral false statements and by distributing a private placement

memorandum ("PPM") that repeats the falsehoods, including:

- falsely stating that Genovese had been a partner at Goldman Sachs;

- falsely stating that Genovese had been a Bear Stearns portfolio manager;

- falsely stating that Genovese has an M.B.A. in Finance from Dartmouth - Tuck Business School;

- falsely stating that Genovese has a B.S. in Finance from the University of Kentucky;

- falsely stating that Grant Thornton, a nationally-known audit firm, is the auditor of Willow Creek Fund;

- falsely stating that Genovese managed $4 billion of the assets of the Genovese Drug Store family fortune;

- falsely stating that Willow Creek Fund's investment adviser, Willow Creek, had $30-39 billion of assets under management, when, in reality, Willow Creek appears to have had less than $10 million in assets under management;

- falsely stating that Willow Creek had between 42 and 60 employees, when, in reality, Willow Creek had less than ten employees; and

- falsely stating that Willow Creek Fund had investment gains of 30-40% per year.

2.    In addition to knowingly or recklessly making the above materially false and

misleading statements, Genovese and Willow Creek Fund knowingly or recklessly also failed  to

disclose to investors Genovese's extensive criminal history and his prior bankruptcy.

3.      Genovese and his advisory firm Willow Creek misappropriated the investor funds fraudulently obtained by Genovese and Willow Creek Fund to:  (a) fund securities trading in Genovese's personal brokerage account—Willow Creek Fund itself appears to have had no brokerage account—which sustained over $8 million of trading losses between 2015 and 2017, and (b) fund Genovese's lifestyle by paying approximately $263,000 for, among other things, ATM cash withdrawals, food, hotel and transportation charges, including being chauffeured in a Bentley.

4.      Genovese's fraud appears to be ongoing.  As recently as January 23, 2018, $50,000 was transferred into Genovese's personal trading account, indicating that Genovese may have recently solicited another investor.  In addition, on January 26, 2018, and again on January 30, 2018, Genovese refused an investor's long-standing redemption request.

5.      On January 23, 2018, one of his investors filed a complaint against Genovese and the Willow Creek Defendants in this Court, alleging fraud and other violations, including that Genovese lied about his background.  See *Colony Hills Capital, LLC v. Willow Creek Advisors, LLC, Nicholas Genovese, Willow Creek Investments, LP, and Willow Creek GP, Corp.*, 18 cv. 00593 (S.D.N.Y.)(DAB).

6.      Expedited relief is requested to halt Genovese's fraud, freeze assets and determine through expedited discovery the extent and scope of Genovese's fraudulent scheme.  The examination staff of the Commission sought documents, in response to which Genovese only produced a few pages of documents, and he refused to answer the examination staff's questions. On an expedited basis, the Commission's enforcement staff then subpoenaed Genovese and the Willow Creek Defendants to produce documents by Monday, January 29, 2018 and for

Genovese to appear for testimony on Tuesday, January 30, 2018. Genovese failed to comply with the Commission's enforcement subpoena.

## VIOLATIONS

7.      By virtue of the conduct alleged herein: (a) Defendants Genovese and Willow Creek Fund, directly or indirectly, singly or in concert, have engaged and are engaging in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and (b) Defendants Genovese and Willow Creek, directly or indirectly, singly or in concert, have engaged and are engaging in transactions, acts, practices and courses of business that constitute violations of Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4) and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206 (4)-8].

8.      Unless the Defendants are permanently restrained and enjoined, they will again engage in the acts, practices and courses of business set forth in this complaint and in acts, practices, transactions and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

9.      The Commission brings this action pursuant to authority conferred by Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], seeking a final judgment:  (a) restraining and permanently enjoining the Defendants from engaging in the acts, practices, transactions and courses of business alleged herein; (b) ordering Defendants to disgorge their ill-gotten gains and to pay prejudgment interest thereon; (c) imposing against

Defendant Genovese civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]; (d) imposing against Defendant Willow Creek civil money penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]; and (e) ordering such other and further relief as the Court may deem just and proper.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), 77v(a)], Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Section 214(a) of the Advisers Act [15 U.S.C. § 808b-14(a)].

11.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. § 78aa], and Section 214 of the Advisers Act [15 U.S.C. § 80b-14].  Certain of the events constituting or giving rise to the violations alleged herein occurred in the Southern District of New York.  For instance, Defendants sold securities to, and solicited investments from, certain investors in this district, Defendant Genovese resides in this district, and he and the Willow Creek Defendants maintain an office in this district.

## DEFENDANTS

12.    **Genovese**, age 52, is a resident of New York, NY and Greenwich, CT.  At all relevant times, Genovese was the sole principal, owner and Managing Director of Willow Creek and the sole owner of Willow Creek GP, LLC ("Willow Creek GP"), Willow Creek Fund's general partner.  Contrary to his representations to investors and in Willow Creek Fund's PPM, Genovese did not attend Dartmouth's Tuck School of Business or the University of Kentucky.

He has an extensive criminal fraud history.  Between 1990 and 2004, in five separate criminal actions, he was convicted of theft by deception, grand larceny (three times), identity theft and second degree scheme to defraud in Illinois and New York.  In 1998 and 1999, while serving a prison sentence, Genovese filed for and received a bankruptcy discharge under Chapter 7 of the U.S. Bankruptcy Code.  Nicholas Joseph Genovese, 98-42280 (S.D. Ill.).  Although he is listed on FINRA's Central Registration Depository ("CRD") database for financial representatives associated with broker-dealers, Genovese holds no securities licenses and was never associated with any registered broker-dealer or investment adviser.  In this matter, Genovese was served with an investigative subpoena to produce documents by January 29, 2018, and to testify on January 30, 2018; however, he failed to produce any documents in response to the subpoena and did not appear for testimony.

13.    **Willow Creek Fund** is a Delaware limited partnership with its principal place of business in New York, NY.  Genovese controls Willow Creek Fund through Willow Creek GP. Since at least 2014, Willow Creek Fund has sold to at least six investors a total of $5.32 million worth of limited partnership interests.  On April 22, 2016, Genovese caused Willow Creek Fund to file a Form D with the Commission, which described it as a pooled investment fund. According to its PPM and Form D, Willow Creek Fund is a hedge fund and its sales of limited partnership interests are exempt from registration under the Securities Act.  Willow Creek Fund's bank accounts are controlled by Genovese.

14.    **Willow Creek** is a Delaware limited liability company with its principal place of business co-located with Willow Creek Fund.  It is an investment adviser to Willow Creek Fund but is not registered with the Commission.  Willow Creek and its bank accounts are controlled by Genovese.

## FACTUAL ALLEGATIONS

**Genovese Solicited Investments In Willow Creek Fund**

15.     Since at least approximately 2014, Genovese solicited investments in Willow Creek Fund.  When Genovese met Investor 1, a Manhattan-based chiropractic doctor and a yoga instructor, Genovese claimed to be a successful hedge fund owner, bragging that he managed a $30 billion fund with some of the largest U.S. public and privately-held companies investing in his fund.  Although Genovese solicited an investment, Investor 1 never invested with him. However, Investor 1 introduced Genovese to a friend, Investor 2.

16.     In mid-2015, Genovese first asked Investor 2 to invest in his hedge fund. Because Investor 2 frequently invested together with his brother, Investor 2 Brother, they discussed investing in Willow Creek Fund with Genovese.  In September 2015, at a meeting at a hotel in New York City, Genovese solicited Investor 2 and Investor 2 Brother to each purchase limited partnership interests in Willow Creek Fund.  Genovese told Investor 2 and Investor 2 Brother that Genovese was an heir to the Genovese Drug Store family fortune and that he managed his family's assets.  He also said that he had extensive Wall Street experience, having been a partner at Goldman Sachs and a portfolio manager at Bear Stearns.  Genovese also claimed that the Willow Creek Fund had investment gains of 30-40% per year.  As a result of Genovese's solicitation, between November 2015 and January 2016, Investor 2 and Investor 2 Brother each invested $2 million in Willow Creek Fund.

17.     In a late 2016 meeting, Genovese bragged to Investor 2 and Investor 2 Brother about his background – his purportedly extensive Wall Street experience, pedigreed education, and great wealth – and the size of Willow Creek's operations.  In that meeting, Genovese falsely claimed that Willow Creek, his investment advisory business and the investment adviser to Willow Creek Fund, had $39 billion of assets under management and 60 employees.

18.    After Investor 2 and Investor 2 Brother invested with Genovese through the Willow Creek Fund, Genovese provided Investor 2 and Investor 2 Brother with a PPM that contained many of the misrepresentations that Genovese had made orally to them. The PPM stated, among other things:

> Nicholas Genovese is the founder and Chief Executive Officer of the General Partner and the Investment Manager and the main portfolio manager/analyst with primary responsibility for making investment decisions for the Partnership.  Prior to founding Willow Creek 8 years ago, Mr. Genovese was a Partner at Goldman Sachs and previous to that was Portfolio Manager, and member of the Investment Strategy Committee at Bear Stearns.  He received a B.S. in Finance from University of Kentucky and a M.B.A. in Finance from Dartmouth – Tuck Business School.
> …
> The Partnership's independent certified public accountant is Grant Thornton. …

19.    In mid-2016, Investor 2 Brother asked for, and subsequently received from Genovese, a partial redemption of his investment in the amount of $1 million.  In May 2017, Investor 2 and Investor 2 Brother requested the redemption of the remainder of their investments. Although Genovese initially promised to return their residual investments by January 2018, they have not yet received those funds.  Recently, on January 26, 2018, when Investor 2 complained to Genovese about not being fully redeemed, Genovese responded that he would redeem the investment only after "the stars have aligned" and further stated that unspecified trading positions made it impractical to unwind Investor 2's portion of Willow Creek Fund's assets.  On January 30, 3018, Investor 2 again complained to Genovese about not being paid.  In these conversations, Genovese did not disclose that he had lost the bulk of Investor 2's remaining investment by incurring massive trading losses.

20.    Genovese also solicited Investor 3 to invest in Willow Creek Fund.  Since January 2014, when Genovese met Investor 3, Genovese claimed he was an heir to the founder of the

Genovese Drug Store chain and boasted of his enormous wealth and his professional success. Over the following years, Genovese repeatedly bragged to Investor 3 about how, after attending college at the University of Kentucky and obtaining his M.B.A. from Dartmouth's Tuck School of Business, he made it "big" on Wall Street.  In particular, Genovese said that he managed the Genovese Drug Store family fortune while at Goldman Sachs and Bear Stearns before starting his own investment advisory firm, Willow Creek, which he claimed managed over $32 billion. Genovese also told Investor 3 that Willow Creek had many traders and approximately 42 employees.  In September 2016, Genovese solicited Investor 3 to invest $1 million in Willow Creek Fund via an investment vehicle Investor 3 created to make this investment.  Genovese provided Investor 3 with a Willow Creek Fund PPM.

21.    As a result of Genovese's solicitation and following receipt of the PPM, Investor 3 invested $1 million in Willow Creek Fund.  In approximately December 2016 and January 2017, Genovese solicited Investor 3 to make an additional, but unspecified investment of between $2 million and $10 million.  Following this solicitation, in late-January 2017, Investor 3 asked for a full redemption of his initial investment.  Shortly thereafter, Willow Creek Fund returned the $1 million investment.

22.    Genovese also obtained funds from at least three other related investors. Genovese's friend, Investor 4, is an actor residing in Los Angeles.  In 2014 and 2015, after he had heard Genovese boast about successfully running a multi-billion dollar hedge fund and his relationship to the Genovese Drug Store family, Investor 4 asked to invest with Genovese. Genovese then sold to Investor 4, Investor 4's wife, and Investor 4's private company a total of approximately $320,000 in limited partnership interests in Willow Creek Fund.

23.     On January 17, 2018, Genovese, acting on behalf of Willow Creek, responded to a voluntary request from the Commission's examination staff dated December 21, 2017, and produced a two-page document that claimed Willow Creek had five current investors, including Investor 2 and Investor 2 Brother, and Investor 4, Investor 4's wife and Investor 4's private company.  In that document, Genovese and Willow Creek represented to the Commission's examination staff that the investment values of the accounts of Investor 2 and Investor 2 Brother were at $2,785,848 and $1,807,961, respectively; and that the three accounts related to Investor 4 were cumulatively valued at approximately $790,000.  The response also listed two former investors, including Investor 3.  The response stated that Willow Creek's total assets under management were $5,380,813.30 invested in Willow Creek Fund and that Willow Creek, the advisory firm, has no clients other than Willow Creek Fund.

24.     Genovese refused to be interviewed by the Commission's examination staff.  He also failed to produce any documents or appear for testimony in response to the enforcement staff's subpoena.

**Genovese's and Willow Creek Fund's Statements Were False and Misleading**

25.     Many oral statements made by Genovese while soliciting investments, and several statements contained in Willow Creek Fund's PPM, as described above, were materially false and misleading.  When he made those statements, Genovese knew or recklessly disregarded that those statements were materially false and misleading.  First, Genovese knowingly or recklessly lied about his education.  Neither the University of Kentucky nor Dartmouth's Tuck School of Business have records that Genovese attended those institutions, much less received degrees from them.  Second, Genovese lied about his employment experience.  Goldman Sachs has no record that Genovese was ever associated with the firm, let alone as a partner.  In FINRA's CRD

database, there is no record of Genovese being associated with Bear Stearns.  Indeed, Genovese has not received any securities licenses.

26.     Genovese also knowingly or recklessly misled investors and potential investors by not disclosing his criminal history or his bankruptcy.  In addition, the PPM that the Defendants provided to investors contains no details of Genovese's prior criminal convictions or bankruptcy.

27.     The PPM also misled investors about Willow Creek Fund's relationship with Grant Thornton, a nationally-known accounting and auditing firm.  Grant Thornton has no record of Genovese or the Willow Creek Defendants ever being clients of Grant Thornton.

28.     The Defendants knowingly, or with reckless disregard, lied about the size of Willow Creek's operations and its assets under management.  During the relevant period, Willow Creek's office had no more than ten employees.  Genovese and Willow Creek also admitted in their written response to the Commission's examination staff that Willow Creek has no more than $5.4 million of assets under management.  Neither Willow Creek nor Willow Creek Fund appears to have a brokerage account, and Genovese's brokerage account shows only approximately $31,000 of assets as of December 31, 2017.  Moreover, because Genovese and Willow Creek misappropriated the investor funds (that formed the assets of Willow Creek Fund), and because Genovese had significant trading losses – he incurred more than $8 million of primarily unsuccessful options trading losses between 2015 and 2017 – Willow Creek's only client, Willow Creek Fund, lost most of its assets rather than earn 30-40% returns.

29.     Genovese, knowingly or with reckless disregard, lied to potential investors and investors about his family background.  Genovese is not managing billions of dollars of assets for the Genovese Drug Store family.

**Genovese and Willow Creek Misappropriated Investor Funds**

30.     Genovese and Willow Creek knowingly or recklessly misappropriated the investor funds that comprised Willow Creek Fund's assets.  Neither Willow Creek Fund nor Willow Creek has any brokerage accounts.  Instead, it appears that investor funds were initially deposited into Willow Creek's or Willow Creek Fund's bank accounts and then transferred, partially or entirely, to a brokerage account in Genovese's name.  Between 2015 and 2017, Genovese's brokerage account sustained trading losses of more than $8 million from primarily options trading.  Genovese also withdrew from his brokerage account a total of approximately $263,000 to pay for, among other things, ATM cash withdrawals, food, hotel and transportation charges, including, being chauffeured in a Bentley.  Thus, Genovese and Willow Creek misappropriated investor funds.

**The Proposed Defendants' Misconduct Appears To Be Ongoing**

31.     The Defendants' misconduct appears to be ongoing.  As recently as January 23, 2018, $50,000 was transferred to Genovese's personal trading account indicating that Genovese may have recently obtained additional investments.  In addition, by refusing to honor the redemption requests of Investor 2 and Investor 2 Brother, and by failing to disclose to Investor 2 the true reason for not honoring his redemption request – Genovese said he would redeem only after "the stars have aligned" but failed to disclose that he has no funds because of his massive trading losses – Genovese is continuing to deceive Investor 2 and Investor 2 Brother.

### FIRST CLAIM FOR RELIEF

**Violations of Section 17(a) of the Securities Act**
**(Against Genovese and Willow Creek Fund)**

32.     The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 31 of this Complaint.

33.      From at least 2014 through the present, Defendants Genovese and Willow Creek Fund, directly or indirectly, singly or in concert, by use of the means or instruments of transportation or communication in interstate commerce, or of the mails, in connection with the offer or sale of securities:  (a) employed, and are employing, devices, schemes and artifices to defraud; (b) obtained, and are obtaining, money or property by means of untrue statements of material fact, or have omitted, and are omitting, to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged, and are engaging, in transactions, acts, practices and courses of business which would operate as a fraud or deceit upon the clients of Defendants Genovese and Willow Creek Fund.

34.      By reason of foregoing, Defendants Genovese and Willow Creek Fund, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate Section 17(a) of the Securities Act [15U.S.C. § 77q(a)].

## SECOND CLAIM FOR RELIEF

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
### (Against Genovese and Willow Creek Fund)

35.      The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 31 of this Complaint.

36.      From at least 2014 through the present, Defendants Genovese and Willow Creek Fund, directly or indirectly, singly or in concert, by use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the purchase or sale of securities:  (a) employed, and are employing, devices, schemes and artifices to defraud; (b) made, and are making, untrue statements of material fact, or have omitted, and are omitting, to state material facts

13

necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged, and are engaging, in transactions, acts, practices and courses of business which operated or would have operated as a fraud or deceit upon the clients of Defendants Genovese and Willow Creek Fund.

37.    By reason of the foregoing, Defendants Genovese and Willow Creek Fund, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule l0b-5 [17 C.F.R. § 240.10b-5].

## **THIRD CLAIM FOR RELIEF**

**Violations of Sections 206(1), 206(2) and 206(4) of the Advisers Act
and Rule 206(4)-8 Thereunder)
(Against Genovese and Willow Creek)**

38.    The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 31 of this Complaint.

39.    From at least 2014 through the present, Defendants Genovese and Willow Creek, acting as an investment adviser, directly or indirectly, singly or in concert, by use of the mails or any means or instrumentality of interstate commerce or of the mails, have employed, and are employing, devices, schemes and artifices to defraud their clients, and have engaged, and are engaging, in transactions, acts, practices and courses of business which operate as a fraud and deceit upon their clients.

40.    By reason of the foregoing, Defendants Genovese and Willow Creek, directly or indirectly, singly or in concert, have violated, are violating, and unless enjoined, will continue to violate, Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C.

§§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Commission respectfully requests that the Court enter a Final Judgment:

### **I.**

Permanently, restraining and enjoining Defendants, their agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section l0(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule l0b-5 [17 C.F.R. § 240. l0b-5], and Sections 206(1), 206(2) and 206(4) of the Advisers Act [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

### **II.**

Ordering each of the Defendants to disgorge all ill-gotten gains, and ordering each of them to pay prejudgment interest thereon.

### **III.**

Ordering Defendant Genovese to pay a civil money penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C.

§ 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], and ordering

Defendant Willow Creek to pay a civil penalty pursuant to Section 209(e) of the Advisers

Act [15 U.S.C. § 80b-9(e)].

## IV.

Ordering such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 2, 2018

Respectfully submitted,

Sanjay Wadhwa

Marc P. Berger
Sanjay Wadhwa
Gerald Gross
Alexander M. Vasilescu
James Hanson
Karen Lee
Attorneys for the Plaintiff
Securities and Exchange Commission
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0178 (Vasilescu)