USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/27/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>**Plaintiff,**<br><br>-against-<br><br>NICHOLAS J. GENOVESE,<br>WILLOW CREEK INVESTMENTS, LP.,<br>WILLOW CREEK ADVISERS, LLC.,<br><br>**Defendants.** | **ECF**<br><br>18 CIV. 00942 (JGK)(SDNY) |

ϑ6 K

**[PROPOSED]**
**ORDER GRANTING PRELIMINARY INJUNCTION,**
**CONTINUING ASSET FREEZE, AND GRANTING OTHER RELIEF**

WHEREAS, on February 2, 2018, Plaintiff Securities and Exchange Commission (the

"Commission") commenced this action and that same day sought emergency relief, which this

Court granted by an Order dated February 2, 2018 ("February 2 Order"):

(1)     directing Defendants Nicholas J. Genovese ("Genovese"), Willow Creek

Investments, LP. ("Willow Creek Fund") and Willow Creek Advisers LLC.

("Willow Creek") (together, "Defendants") to show cause on February 13, 2018,

why an order should not be entered, pending a final disposition of this action:

(a)     preliminarily enjoining Defendants from violating Section 17(a) of the

Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section

10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15

U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5(b), Sections

206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940

("Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule

206(4)-8, 17 C.F.R. § 275.206(4)-8;

    (b)    preliminarily enjoining Defendants from soliciting or accepting additional

investor funds;

    (c)    freezing Defendants' assets; and

    (d)    prohibiting the destruction, alteration or concealment of documents;

(2)    pending adjudication of the foregoing, this Court in the February 2 Order:

    (a)    temporarily restrained Defendants from violating Section 17(a) of the

Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5,

Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)-

8;

    (b)    temporarily prohibited Defendants from soliciting or accepting additional

investor funds;

    (c)    froze Defendants' assets;

    (d)    prohibited the destruction, alteration or concealment of documents;

    (e)    directed each of the Defendants to provide verified accountings

immediately; and

    (f)    provided that the Commission may take expedited discovery in

preparation for a hearing on this Order to Show Cause.

WHEREAS, on February 2, 2018, Defendant Genovese was criminally charged and

arrested in a parallel criminal case in this District where the facts are related to Plaintiff's

complaint in this case, and Defendant Genovese was ~~incarcerated~~; *arrested and incarcerated in Florida.* this Court by Order filed

February 13, 2018 ("February 13 Order"), rescheduled the hearing for a preliminary injunction to

February 26, 2018 at 4 pm.;

2

WHEREAS on February 26, 2018, none of the Defendants appeared for the hearing, or filed any papers and it appears Defendant Genovese is still incarcerated;

WHEREAS on February 26, 2018, Plaintiff appeared before the Court and presented its case for a preliminary injunction, asset freeze and other relief pending a final disposition of this action;

The Court has considered: (1) the Complaint filed by the Commission on February 2, 2018; (2) the Declaration of James Hanson dated February 1, 2018, in Support of Plaintiff's Emergency Application for an Order To Show Cause, Temporary Restraining Order and Other Relief and the exhibits thereto; (3) the Declaration of Edward J. Janowsky, dated February 1, 2018, in Support of Plaintiff's Emergency Application and the exhibit thereto; (4) the Declarations of one investor; (5) the Declaration of Alexander M. Vasilescu Pursuant to Local Civil Rule 6.1, dated February 2, 2018; (6) the memorandum of law in support of the Plaintiff's Emergency Application, dated February 2, 2018; (7) the Declaration of Alexander M. Vasilescu, dated February 12, 2018, evidencing service on the Defendants of the February 2 Order and Plaintiff's papers supporting the order to show cause filed on February 2, 2018; and (8) the Declaration of James Hanson, dated February 26, 2018, evidencing service on the Defendants of the February 13 Order. Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209(d) of the Advisers Act has been made for the relief granted herein, for the following reasons:

It appears from the evidence presented that, as charged in the Complaint: (a) Defendants have violated and, unless preliminarily restrained, will continue to violate Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5, Sections 206(1), 206(2), and

206(4) of the Advisers Act and Rule 206(4)-8; and (b) Defendants have solicited and accepted, and unless temporarily restrained, will continue to solicit and accept investor funds.

It appears from the evidence presented that Defendants have received ill-gotten gains derived from their unlawful conduct, and that at least some of these funds have been deposited into accounts controlled by one or more of the Defendants.

It appears that Defendants may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could be subject to an order of disgorgement or an order imposing civil penalties.  It appears that an order freezing Defendants' assets, as specified herein, is necessary to preserve the *status quo,* to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

It appears that an order requiring Defendants to provide a verified accounting of all assets, money, and property held directly or indirectly by each of them, or by others for Defendants' direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

It appears that the Defendants may attempt to destroy, alter or conceal documents.

Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

This Court has jurisdiction over the subject matter of this action and over Defendants, and venue properly lies in this District.

**NOW, THEREFORE,**

I.

  **IT IS HEREBY ORDERED** that, pending a final disposition of this action, Defendants

and each of their financial and brokerage institutions, officers, agents, servants, employees, and

attorneys, and those persons in active concert or participation with them who receive actual

notice of such Order by personal service, facsimile service, telephonic notice, notice by email, or

otherwise, and each of them, hold and retain within their control, and otherwise prevent, any

withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other

disposal (including money, real or personal property, securities, commodities, choses in action or

other property of any kind whatsoever) of, held by, or under the direct or indirect control of the

Defendants, whether held in any of their names or for any of their direct or indirect beneficial

interest wherever situated, in whatever form such assets may presently exist and wherever

located within the territorial jurisdiction of the United States courts, and directing each of the

financial or brokerage institutions, debtors and bailees, or any other person or entity holding such

assets, funds or other property of the Defendants to hold or retain within its or his or her control

and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other

properties, including, but not limited to, the following accounts:

| Institution Name | Account Title | Account Number |
|---|---|---|
| TD Ameritrade | Nicholas Genovese | [Redacted]9321 |
| TD Ameritrade | Nicholas J. Genovese | [Redacted]7141 |
| TD Ameritrade | Nicholas J. Genovese | [Redacted]5527 |
| TD Bank | Willow Creek | Unknown |
| Capital One | Willow Creek | Unknown |
| JP Morgan Chase | Willow Creek | Unknown |
| JP Morgan Chase | Westleigh Capital | Unknown |
|  |  |  |

5

## II.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants are enjoined and restrained, and any person or entity acting at their direction or on their behalf are also enjoined and restrained, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to any and all documents, books, and records that are in the possession, custody or control of the Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that concern, refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records concerning, referring, reflecting, or relating to Defendants' finances or business operations, or the offer, purchase or sale of investment contracts or any other securities offered or sold by or through the Defendants and the use of proceeds therefrom.

## III.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, the Defendants, and each of them, their agents, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, email service, facsimile service or otherwise, are preliminarily restrained and enjoined from, directly or indirectly, singly or in concert, violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

      (a)    to employ any device, scheme, or artifice to defraud;

      (b)    to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### IV.

**IT IS HEREBY FURTHER ORDERED**, that, pending a final disposition of this action, Defendants and each of them, their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service, email service, facsimile service or otherwise, are preliminarily restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### V.

**IT IS HEREBY FURTHER ORDERED**, that, pending a final disposition of this action, Defendants, their agents, servants, employees, attorneys, and all persons in active concert or

participation with him who receive actual notice of this Order by personal service, email service, facsimile service or otherwise, are preliminarily restrained and enjoined from violating, directly or indirectly, Sections 206(1), 206(2) and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4), and Rule 206(4)-8, 17 C.F.R. § 275.206(4)-8, by use of the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

## VI.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, Defendants, and any person or entity acting at their direction or on their behalf, are preliminarily restrained from destroying, altering, concealing, or otherwise interfering with the access of the Commission or the Receivers appointed hereunder to any and all documents, books, and records that are in the possession, custody or control of Defendants, their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, that refer, reflect, or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting, or relating to Defendants' finances or business operations, or the offer, purchase or sale of investment contracts or any other securities offered or sold by or through Defendants and the use of proceeds therefrom.

## VII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action,, Defendants, and each of their creditors, principals, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, be and hereby are, restrained and enjoined from filing a voluntary or involuntary petition in bankruptcy on behalf of or against the Defendants, without first seeking leave from this Court, with at least three (3) days' notice to the Commission, which leave shall be granted only after a hearing before this Court and upon such conditions as necessary to protect this Court's jurisdiction over the subject matter of this action.

## VIII.

**IT IS FURTHER ORDERED** that, pending a final disposition of this action, no creditor or claimant against any of the Defendants, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the taking control, possession, or management of Defendants' assets and that any and all third parties are enjoined and prohibited from taking any steps to encumber, attach, assert liens against or otherwise control any of Defendants' assets.

## IX.

**IT IS FURTHER ORDERED** that a copy of this Order be served upon each of the Defendants, or his or its attorney who agrees to accept service on his or its behalf, on or before _March 1_____, 2018, by personal delivery, facsimile, email, overnight courier, or first-class mail.

9

## X.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon each of the Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, email, overnight courier, or otherwise.

## XI.

**IT IS FURTHER ORDERED** that the Court will entertain any application to oppose, modify, or move to stay this Order if any of the Defendants appear and seek such relief.

_____
UNITED STATES DISTRICT JUDGE

Issued at : _____8 : 29_____ _p_.m.
February 26, 2018
New York, New York

10