```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiffs,              18-cv-942 (JGK)

     - against -                         ORDER

NICHOLAS J. GENOVESE, ET AL.,

                Defendants.
───────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The Court has received the attached letter from Mr. Genovese dated April 20, 2020, which indicates that a copy was sent to Mr. Vasilescu of the SEC. Mr. Genovese agrees that the stay should be lifted and the Court has done so. Mr. Genovese requests an extension of time to answer the complaint for 6 months. That adjournment is somewhat lengthy to file an answer. The time to respond to the complaint is extended to **Oct 2, 2020**. Chambers will mail a copy of this Order to the pro se defendant.

**SO ORDERED.**

Dated:   **New York, New York**            /s/ John G. Koeltl
         **May 19, 2020**              **John G. Koeltl**
                                **United States District Judge**

Via Legal Mail and U.S. Mail          April 30, 2020

The Honorable John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007-1312

Re: SEC v. Nicholas J. Genovese, et. al., 18-cv-942 (JGK)(SDNY)

Dear Judge Koeltl:

I, Nicholas Genovese, who is representing himself, pro se, in the case of SEC v Nicholas J. Genovese, et. al., 18-cv-942, in reply to the SEC's request/motion dated April 23, 2020. This proceeding was stayed by order of the Court on June 21, 2018.

I have not been able to communicate effectively with Mr. Vasilescu or the SEC and am currently incarcerated TEMPORARILY at the Metropolitan Detention Center in Brooklyn, N.Y. until being sent to my designated prison by the Bureau of Prisons.

Mr. Vasilescu cites in his request that Judge William H. Pauley III entered an "order of restitution" on April 20, 2020. I must state that Mr. Alex Eisemann, my attorney at the time of my sentencing and subsequent weeks later, informed me that two issues during the sentencing were left open for AUSA Enzer and Mr. Eisemann to settle. Those two matters that were in dispute are the "PreSentence Report" (PSR) of which the content will be changed and the fact that I never received a final PSR from anyone, including Mr. Eisemann; and the restitution amount.

which there is a dispute over between Mr. Eisemann and AUSA Enzer. At my sentencing, Judge Pauley was aware of these two items in dispute and requested that both sides settle these within the coming months. I am unaware of any resolution of either matter as I last spoke to Mr. Eisemann on April 27, 2020. I also never received a copy of the April 20, 2020 Court order of restitution, nor did my counsel, Mr. Eisemann inform me or provided me with a copy, so as far as I know, up to April 30, 2020, I have not been informed by anyone, including former counsel Mr. Eisemann that these issues have been resolved with my agreement.

Currently pending by the Court in this proceeding are the civil claims against Nicholas Genovese and the two entity defendants that are his alter egos: defendants Willow Creek Investments LLP and Willow Creek Advisors LLC. During this pandemic, it is extremely challenging, if not nearly impossible, to communicate with the District Court or the SEC in any semblance of a timely fashion or to perform any legal research whatsoever here at the Metropolitan Detention Center. Let me enlighten you on the facts that I am bound by, while incarcerated at Metropolitan Detention Center in Brooklyn which limit my ability to address this civil action during this extreme pandemic:

1) Mail and Legal Mail is being delivered two to three weeks late; and
2) Under normal circumstances, I am allowed once a week on Wednesday to use the Metropolitan Detention Center's Law Library for two hours to make copies, do legal research and send legal mail.

During this pandemic, the Bureau of Prisons has ordered at Metropolitan Detention Center that ALL inmates shall be confined to their cells 24 hours a day, Seven days a week with the exception that we are let out for ONE hour, three days a week in order to wash our clothing, take a shower, see medical if required, and use the phone.

Additionally, I do not have any access whatsoever at Metropolitan Detention Center to the SEC's Rules of Practice.

All of the above restrictions at Metropolitan Detention Center create a perfect storm for the violation of my Due Process rights if allowed by this Court.

For the record, on March 31, 2020, I requested from Vasilescu and the SEC SEPARATELY:

A) Any and all discovery in my case or as the SEC terms it Rule 230 material pursuant to 17 C.F.R. 201.230; &

B) I also requested, due to the current pandemic, that a motion for an extension of time be granted in the enforcement that the SEC has brought against me.

(Please see the attached documents.) To this date, April 30, 2020, I have received no Rule 230 discovery, no copy of the Commission's Rules of Practice or a reply to my motion for an extension of time.

I agree with the request that the Court lift the stay, but I am requesting as the Defendant, that the Court grant an extension for a minimum of 180 days to answer the complaint, 18-cv-942, due to the extreme pandemic and the issues described affecting my right to Due Process in this case, 18-cv-942, which will allow the Commission to provide discovery to me on a timely basis. I propose that if no resolution can be reached within that said 180 days, that this matter be scheduled for trial, immediately thereafter. (See Note A)

In reply to footnote 1 on the SEC's letter to you, Judge Koeltl, dated April 23, 2020, I replied to the SEC's Enforcement Administration Proceeding (File No. 3-19733), on March 31, 2020 requesting in separate motions for; "Discovery," and "An Extension of Time." As of April 30, 2020, in bad faith I have not received any response from Vasilescu or the SEC.

Respectfully submitted,

*[signature]*

Nicholas Genovese #17079104

cc: A. Vasilescu via U.S. Mail

Attachments: (1) Discovery request, dated March 31, 2020 to Vasilescu and SEC.
(2) Motion for Extension of Time, dated March 31, 2020 to Vasilescu and SEC.

(Note A): At the time the motions were filed with the SEC on March 31, 2020, the country was only in an epidemic and the Bureau of Prisons had not locked down every prison in the country, including Metropolitan Detention Center-Brooklyn. Given that we were not locked down, I felt that 90 days was sufficient. As we are all aware of now, this has become a worldwide pandemic, forcing the Bureau of Prisons to lockdown every prison in the U.S., including MDC-Brooklyn, since April 1, 2020 and due to the lack of access of the legal resources at MDC, including the uncertainty of mail/legal mail being delivered, I feel that it is more than necessary to be granted more than 180 days extension in this case considering that I have no idea nor been told when the Bureau of Prisons will lift its restrictions on inmates, thereby giving me access to the legal resources that I need.

TRULINCS 17079104 - GENOVESE, NICHOLAS JOSEPH - Unit: BRO-I-C

---

FROM: 17079104
TO:
SUBJECT: SEC Material Request
DATE: 03/31/2020 06:50:12 PM

Alexander M. Vasilescu, Esq
New York Regional Office
Securities and Exchange Commission
Brookfield Place
200 Vesey Street, suite 400
New York, NY 10281

Nicholas Genovese #17079104
Metropolitan Detention Center Brooklyn
P.O. Box 329002
Brooklyn, NY 11232-9002

SENT VIA LEGAL MAIL
March 31, 2020
Re: SEC v. Nicholas J. Genovese  18-CV-942, File No. 03-19733

Dear Mr. Vasilescu,

I am requesting all material in the possession of the SEC Re: my File No. 03-19733, Case # 18-CV-942 pursuant to Rule 230 of the Commission's Rules of Practice, 17 C.F.R. 201.230.

I am requesting copies of the following, pursuant to Rule 230 of the Commission's Rule of Practice;

1. Each Subpoena issued;

2. Every written request to persons not employed by the Commission to provide documents to be interviewed;

3. Documents turned over in response to any such subpoenas or other written requests;

4. All transcripts and transcript exhibits;

5. All other documents obtained from persons not employed by the commission; and

6. Any final examination and inspection reports prepared by: The Office of Compliance Inspectors and Examinations, The Division of Trading and Markets, and the Division of Investment Management.

Please provide the requested material to me as soon as possible so that I may be able to reply to the Order Instituting Administrative Proceedings, File No. 03-19733, dated March 24, 2020.

Nicholas J. Genovese
Reg #17079104

TRULINCS 17079104 - GENOVESE, NICHOLAS JOSEPH - Unit: BRO-I-C
----------------------------------------------------------------------------

FROM: 17079104
TO:
SUBJECT: Motion for Extension of time
DATE: 04/01/2020 11:28:27 AM

UNITED STATES OF AMERICA

Before the
SECURITIES AND EXCHANGE COMMISSION

INVESTMENT ADVISERS ACT OF 1940
Release No. 5468/March 24, 2020

ADMINISTRATIVE PROCEEDING　　　　　　　MOTION FOR EXTENSION
File No. 3-19733　　　　　　　　　　　　　　　　OF TIME

I, Nicholas J. Genovese. hereby request that this Motion For Extension of Time be granted for the following reasons for a minimum of ninety (90) days:

1. Due to the Corona Virus COVID19 Pandemic, the Securities and Exchange Commission on March 27, 2020 granted additional time for public companies to file required quarterly reports. See Wall Street Journal March 27, 2020 pg B10.

2. Legal Mail is being delivered up to 2 weeks late or more at Metropolitan Detention Center in Brooklyn, NY thereby necessitating a need for this Motion.

3. I am incarcerated at Metropolitan Detention Center in Brooklyn, NY with only being able to use the facility's Law Library for 2 hours once per week, which leaves me unable to do due diligence in response to the allegations made against me in this Administrative Proceeding.

4. I have requested and am waiting for Rule 230 Material that I requested from the Securities and Exchange Commission Pursuant to 17 C.F.R. 201.230.

5. I do not have any access at Metropolitan Detention Center to the Commissions Rules of Practice, thereby creating a violation of my Fourteenth Amendments right to Procedural and Substantive Due Process.

Respectfully Submitted this 31st day of March 2020.

Nicholas J. Genovese
Reg No. 17079104

Nicholas Genovese #17091o4
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, N.Y. 11232-9002

USM P3
SDNY

LEGAL MAIL

1000781315

Judge John G. Koeltl
United States Courthouse - S.D.N.Y.
500 Pearl St.
New York, N.Y. 10007-1312