UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

-against-

NICHOLAS J. GENOVESE, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/20
```

18-CV-942 (JGK) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      Defendants were served with the complaint in this action on April 11, 2018. (Dkt. Nos. 17-19.) The case was then stayed for almost two years while the parallel criminal case proceeded against Mr. Genovese. (Dkt. Nos. 21, 25.) After the stay was lifted, Genovese requested and obtained two extensions of his time to answer or otherwise respond to the complaint. (Dkt. Nos. 26, 44.) The second extension, granted on September 22, 2020, gave him a due date of October 9, 2020, and warned him (in bold type) that "**a failure to file his answer or other response to the complaint on or before the extended due date could lead to significant adverse consequences, including sanctions, the issuance of a certificate of default, and/or a motion for entry of a default judgment.**" (Dkt. No. 44.)

      On October 2, 2020, defendant Genovese signed (a) a Notice of Appeal from this Court's (non-appealable) September 22 Order (Dkt. No. 47), and (b) a Motion to Stay the September 22 Order (Dkt. No. 48), thus confirming that he received the September 22 Order on or before October 2. However, as of October 19, 2020, no answer or other responsive pleading (on behalf of any defendant) had reached the courthouse. On that date, the Court denied the stay motion and gave plaintiff leave to seek certificates of default pursuant to Local Civ. R. 55.1. (Dkt. No. 50.)

      Later that same day, the Pro Se Office received and docketed a letter from defendant Genovese, dated October 5 but postmarked October 14, 2020, claiming for the first time that he did not have a copy of the complaint "as the BOP destroyed it along with half my documents in a punitive search (8-27-20) yet I did request a copy from the Clerk of the SDNY on 9-6-20 and as of today I still have not received that." (Dkt. No. 51.) The letter goes on to claim that Genovese's most recent extension request, dated September 8, 2020, was "due to the above facts and covid 19 circumstances." (*Id.*) In fact, Genovese's September 8 extension request (Dkt. No. 43) said nothing about the loss or destruction of the complaint and did not mention any "punitive search" on August 27 or any other date. His previous letter to the Court, dated August 27, 2020 (Dkt. No. 39), was similarly silent on these points.

      The Court's electronic docket does not reflect any request by defendant Genovese for a copy of the complaint. By letter dated October 5, 2020 (Dkt. No. 46), addressed to the Clerk of Court and received on October 11, 2020, Genovese requested "a status for THE SECOND TIME." It is not clear when, if ever, Genovese first made such a request. On October 14, 2020, in response to his October 5 letter, a copy of the docket sheet was mailed to him.

Because defendant Genovese is representing himself in this action, the Court is obligated construe his pleadings and papers, including his forthcoming answer or other response to the complaint, "liberally." *Goldstein v. Solucorp Indus., Ltd.*, 2015 WL 6143813, at *3 (S.D.N.Y. Oct. 16, 2015) (quoting *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)); *see also*, *e.g.*, *United States v. Clerge*, 2012 WL 6043297, at *1 (E.D.N.Y. Dec. 5, 2012) (denying *pro se* defendant's motion to dismiss but "liberally constru[ing]" the motion as an answer to the complaint). The Court is not, however, obligated to wait forever for the opportunity to do so. Consequently, it is hereby ORDERED that:

1. The Clerk of Court is respectfully directed to mail this Order to defendant Genovese at his address of record, together with (a) a copy of the complaint (Dkt. No. 1); and (b) a copy of the publication "How to File an Answer."

2. Defendant Genovese shall file his answer or other response to the complaint no later than **November 19, 2020**. When filing an answer, a defendant must "admit or deny" each factual allegation asserted against him. Fed. R. Civ. P. 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). A defendant who does not have sufficient knowledge or information to admit or deny a factual allegation may so state. Fed. R. Civ. P. 8(b)(5). Defendant Genovese is advised, however, that being "unable to obtain proper Discovery in whole from Plaintiff" (Dkt. No. 51) is not an acceptable reason to deny a factual allegation as to a matter within his personal knowledge, or as to which he otherwise has sufficient knowledge or information to admit or deny the allegation.

**Mr. Genovese is warned that a failure to file his answer or other response to the complaint on or before November 19, 2020 could lead to significant adverse consequences, including sanctions, the issuance of a certificate of default, and/or a motion for entry of a default judgment.**

Dated: New York, New York
October 20, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2