# EXHIBIT 3

Case 1:18-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 2 of 23
Case 1:18-cr-00183-WHP Document 22 Filed 10/29/18 Page 1 of 22          1
IAJ5genP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,                    New York, N.Y.

4               v.                                18 Cr. 183 (WHP)

5    NICHOLAS GENOVESE,

6               Defendant.

7    ------------------------------x

8                                                 October 19, 2018
                                                  12:50 p.m.
9

10   Before:

11                   HON. WILLIAM H. PAULEY III,

12                                                District Judge

13

14                        APPEARANCES

15   GEOFFREY S. BERMAN
          United States Attorney for the
16        Southern District of New York
     BY:    SAMSON A. ENZER
17        Assistant United States Attorney

18   HUGHES HUBBARD & REED, LLP
          Attorney for Defendant
19   BY: EDWARD J.M. LITTLE

20   ALSO PRESENT:  KRISTIN ALLAIN, Special Agent, FBI

21

22

23

24

25

IAJ5genP

 1          (Case called)

 2          THE DEPUTY CLERK:  Appearances.

 3          MR. ENZER:  Good afternoon, your Honor.  Samson Enzer

 4   for the government, and with me at counsel table is Special

 5   Agent Kristin Allain for the FBI.

 6          MR. LITTLE:  Good afternoon, your Honor.  Edward

 7   Little for the defendant Mr. Genovese.

 8          THE COURT:  Good afternoon to all counsel.  I note the

 9   presence of Mr. Genovese at counsel table.

10          Mr. Enzer, what is the status of this matter?

11          MR. ENZER:  The government understands that

12   Mr. Genovese wishes to change his plea to guilty, pursuant to a

13   plea agreement with the government under which he would plead

14   guilty to Count One of the indictment.

15          THE COURT:  Thank you, Mr. Enzer.

16          Mr. Little, is there an application from the

17   defendant?

18          MR. LITTLE:  Yes, there is, your Honor.  Mr. Genovese

19   would like to withdraw his prior plea of not guilty and enter a

20   plea of guilty today.

21          THE COURT:  Is this plea pursuant to a plea agreement?

22          MR. LITTLE:  Yes, it is, your Honor.

23          THE COURT:  The record should reflect that a plea

24   agreement has been handed to me for inspection.

25          Mr. Little, prior to the commencement of this

Case 1:18-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 4 of 23    3
Case 1:18-cr-00189-WHP Document 22 Filed 10/29/18 Page 4 of 22
IAJ5genP

1  proceeding, did you review with your client an advice of rights

2  form?

3           MR. LITTLE:  Yes, I did, your Honor.

4           THE COURT:  The record should reflect that an advice

5  of rights form has been marked as Court Exhibit 1 and handed to

6  me for inspection.

7           Did you observe the defendant sign the advice of

8  rights form in your presence?

9           MR. LITTLE:  Yes, your Honor.  In addition, I reviewed

10  the substance of it with him before he signed.

11           THE COURT:  And you signed it as his attorney as well?

12           MR. LITTLE:  I did, your Honor.

13           THE COURT:  Very well.

14           At this time then I'm going to direct my deputy to

15  administer the oath to Mr. Genovese.

16           THE DEPUTY CLERK:  Please stand and raise your right

17  hand.

18           (Defendant sworn)

19           THE COURT:  Mr. Genovese, do you understand, sir, that

20  you are now under oath and that if you answer any of my

21  questions falsely, your false or untrue answers may later be

22  used against you in another prosecution for perjury or making a

23  false statement?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Very well.  Gentlemen, you may be seated.

1              For the record, Mr. Genovese, what is your full name?

2              THE DEFENDANT:  Nicholas Joseph Genovese.

3              THE COURT:  If you would pull the microphone closer?

4    Thank you, Mr. Little.

5              How old are you?

6              MR. LITTLE:  53.

7              THE COURT:  How far did you go in school?

8              THE DEFENDANT:  Two years into college.

9              THE COURT:  Are you able to read, write, speak, and

10   understand English?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Are you now or have you recently been

13   under the care of a doctor or a psychiatrist?

14             THE DEFENDANT:  I have seen a doctor for my asthma.

15   That's all.

16             THE COURT:  Are you taking any prescribed medications?

17             THE DEFENDANT:  Just an inhaler for my asthma.

18             THE COURT:  Have you ever been treated or hospitalized

19   for any mental illness or any type of addiction, including drug

20   or alcohol addiction?

21             THE DEFENDANT:  I wasn't hospitalized for drug

22   addiction but I was using drugs.

23             THE COURT:  And when was that, sir?

24             THE DEFENDANT:  Probably 2013 on, until I was

25   arrested.

IAJ5genP

1          THE COURT:  And, when you say you were hospitalized,

2   were you in a treatment program?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And did you complete that treatment

5   program?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And any other hospitalizations or

8   treatments for mental illness or drug addiction?

9          THE DEFENDANT:  No.  Nothing at all.

10          THE COURT:  In the past 24 hours, sir, have you taken

11   any drugs, medicines, or pills, or have you consumed any

12   alcohol?

13          THE DEFENDANT:  Nothing.

14          THE COURT:  Is your mind clear today?

15          THE DEFENDANT:  Yes, it is.

16          THE COURT:  Are you feeling all right today?

17          THE DEFENDANT:  I feel fine.  Thank you.

18          THE COURT:  Are you represented by an attorney here

19   today?

20          THE DEFENDANT:  I am.

21          THE COURT:  Who is your attorney?

22          THE DEFENDANT:  Ed Little, sitting next to me.

23          THE COURT:  Mr. Little, do you have any doubt as to

24   your client's competence to plead at this time?

25          MR. LITTLE:  I have no doubt, your Honor.

Case 1:18-cv-00942-JGK-BCM Document 52-3 Filed 10/23/20 Page 7 of 23
Case 1:18-cr-00189-WHP Document 22 Filed 10/29/18 Page 6 of 22     6
IAJ5genP

1          THE COURT:  Now, Mr. Genovese, your attorney has

2    informed me that you wish to enter a plea of guilty.  Do you

3    wish to enter a plea of guilty?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Have you had a full opportunity to discuss

6    your case with your attorney Mr. Little, and to discuss the

7    consequences of entering a plea of guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Are you satisfied with your attorney

10   Mr. Little, and his representation of you in this matter?

11         THE DEFENDANT:  Yes.

12         THE COURT:  On the basis of Mr. Genovese's responses

13   to my questions and my observations of his demeanor here in my

14   courtroom this afternoon, I find that he is fully competent to

15   enter an informed plea at this time.

16         Before I accept any plea from you, Mr. Genovese, I'm

17   going to ask you certain questions.  My questions are intended

18   to satisfy me that you wish to plead guilty because you are

19   guilty and that you fully understand the consequences of your

20   plea.  I am going to describe to you certain rights that you

21   have under the Constitution and laws of the United States which

22   rights you will be giving up if you enter a plea of guilty.

23   Please, listen carefully.  If you do not understand something I

24   am saying or describing, then stop me and either I or your

25   attorney will explain it to you more fully.

Case 1:18-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 8 of 23
Case 1:16-cr-00189-WHP Document 22 Filed 10/29/18 Page 8 of 22    7

IAJ5genP

| 1 | Do you understand this? |
| 2 | THE DEFENDANT:  Yes, sir. |
| 3 | THE COURT:  Under the Constitution and laws of the |
| 4 | United States you have a right to a speedy and public trial by |
| 5 | a jury on the charges against you which are contained in the |
| 6 | indictment. |
| 7 | Do you understand that? |
| 8 | THE DEFENDANT:  Yes. |
| 9 | THE COURT:  And if there were a trial, you would be |
| 10 | presumed innocent and the government would be required to prove |
| 11 | you guilty by competent evidence and beyond a reasonable doubt. |
| 12 | You would not have to prove that you were innocent at a trial. |
| 13 | Do you understand this? |
| 14 | THE DEFENDANT:  Yes, sir. |
| 15 | THE COURT:  If there were a trial, a jury composed of |
| 16 | 12 people selected from this district would have to agree |
| 17 | unanimously that you were guilty. |
| 18 | Do you understand that? |
| 19 | THE DEFENDANT:  Yes, sir. |
| 20 | THE COURT:  If there were a trial, you would have the |
| 21 | right to be represented by an attorney and if you could not |
| 22 | afford one, an attorney would be provided to you free of cost. |
| 23 | Do you understand that? |
| 24 | THE DEFENDANT:  Yes. |
| 25 | THE COURT:  If there were a trial, Mr. Genovese, you |

Case 1:18-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 9 of 23    8
Case 1:18-cr-00185-WHP Document 22 Filed 10/29/18 Page 9 of 22
IAJ5genP

1   would have the right to see and hear all of the witnesses

2   against you and your attorney could cross-examine them.  You

3   would have the right to have your attorney object to the

4   government's evidence and offer evidence on your behalf, if you

5   so desired, and you would have the right to have subpoenas

6   issued or other compulsory process used to compel witnesses to

7   testify in your defense.

8            Do you understand that?

9            THE DEFENDANT:  Yes, sir.

10           THE COURT:  If there were a trial, you would have the

11   right to testify if you wanted to, but no one could force you

12   to testify if you did not want to.  Further, no inference or

13   suggestion of guilt could be drawn if you chose not to testify

14   at a trial.

15           Do you understand that?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Do you understand, sir, that by entering a

18   plea of guilty today, you are giving up each and every one of

19   the rights I have described, that you are waiving those rights,

20   and that you will have no trial?

21           THE DEFENDANT:  Yes.

22           THE COURT:  Do you understand that you can change your

23   mind right now and refuse to enter a plea of guilty?

24           THE DEFENDANT:  Yes.

25           THE COURT:  You do not have to enter this plea for any

IAJ5genP

| | |
|---|---|
| 1 | reason whatsoever.  Do you understand this fully, Mr. Genovese? |
| 2 | THE DEFENDANT:  Yes, I do. |
| 3 | THE COURT:  Mr. Genovese, have you received a copy of |
| 4 | the indictment? |
| 5 | THE DEFENDANT:  Yes, sir. |
| 6 | THE COURT:  Have you read it? |
| 7 | THE DEFENDANT:  Yes, sir. |
| 8 | THE COURT:  Have you discussed it with your attorney |
| 9 | Mr. Little? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  Do you waive my reading the indictment |
| 12 | word-for-word here in open court? |
| 13 | THE DEFENDANT:  Yes, sir. |
| 14 | THE COURT:  Do you understand, Mr. Genovese, that |
| 15 | Count One of the indictment charges you with committing |
| 16 | securities fraud during the period from in or at least 2015, |
| 17 | through at least on or about February 2, 2018, in violation of |
| 18 | Title 17 of the United States Code, Sections 78j(b) and 78ff, |
| 19 | Title 17 with the Code of Federal Regulations, |
| 20 | Section 240.10b-5 and Title 18 of the Code, Section 2. |
| 21 | Do you understand that? |
| 22 | THE DEFENDANT:  I do. |
| 23 | THE COURT:  Do you understand that if you did not |
| 24 | plead guilty, the government would have to prove each and every |
| 25 | element of the charge by competent evidence in order to convict |

IAJ5genP

1    you?

2            THE DEFENDANT:  I do.

3            THE COURT:  Mr. Enzer, for the benefit of the court

4    and the defendant, would you describe the essential elements of

5    the securities fraud offense charged here?

6            MR. ENZER:  Certainly, your Honor.

7            At a trial, the government would have to prove beyond

8    a reasonable doubt, first, that in connection with the purchase

9    or sale of a security, the defendant employed a device, scheme,

10   or artifice to defraud; second, that the defendant acted

11   willfully, knowingly, and with intent to defraud; and third,

12   that the defendant knowingly used or caused to be used any

13   means or instruments of communication in interstate commerce to

14   further the fraud.

15           The government would also have to prove by a

16   preponderance of the evidence that venue is appropriate in the

17   Southern District of New York.

18           THE COURT:  Thank you, Mr. Enzer.

19           Mr. Genovese, have you listened closely to Assistant

20   United States Attorney Enzer as he has described the essential

21   elements of the offense?

22           THE DEFENDANT:  I did, yes.

23           THE COURT:  Do you understand if you did not plead

24   guilty, the government would be required to prove each and

25   every part of those elements by competent evidence beyond a

Case 1:19-cv-00942-JGK-BCM Document 262-3 Filed 10/23/20 Page 12 of 23
Case 1:16-cr-00183-WHP Document 222 Filed 10/29/18 Page 11 of 22    11

IAJ5genP

1    reasonable doubt in order to convict you at trial?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Do you understand, sir, that the maximum

4    possible penalty for the crime to which you are entering a plea

5    of guilty is 20 years of imprisonment, followed by a maximum

6    term of supervised release of three years, together with a

7    maximum fine of $5 million, and a $100 mandatory special

8    assessment?

9              Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  By the way, supervised release means that

12   you will be subject to monitoring when you are released from

13   prison, the monitoring to be under terms and conditions which

14   could lead to reimprisonment without a jury trial for all or

15   part of the term of supervised release without credit for time

16   served on post-release supervision if you violate the terms and

17   conditions of supervised release.

18             Do you understand that?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Do you also understand that as part of

21   your plea that you will be ordered to provide restitution in

22   this case?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you further understand that under the

25   terms of your agreement, that you are admitting the forfeiture

Case 1:19-cr-00942-JGK-BCM Document 22-3 Filed 10/28/20 Page 13 of 23
Case 1:16-cr-00169-WHP Document 22 Filed 10/29/18 Page 12 of 22     12
IAJ5genP

```
 1   allegations and agreeing to forfeit to the United States a sum

 2   of money equal to $13,230,811 in currency representing proceeds

 3   of your criminal activity?

 4           THE DEFENDANT:  Yes, sir.

 5           THE COURT:  Together with other specific property

 6   including a Hacker-Craft Triple Cockpit Runabout bearing the

 7   name "Fin and Tonic" with a trailer, and another Hacker-Craft

 8   Triple Cockpit Runabout bearing the name "Chasing Alpha," both

 9   represented property that constitutes proceeds of the illegal

10   gains you obtained from these offenses.

11           Do you understand that?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  Now, are you a citizen of the United

14   States?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Do you understand that if I accept your

17   guilty plea and adjudge you guilty, that adjudication may

18   deprive you of valuable civil rights such as the right to vote,

19   the right to hold public office, to serve on a jury, or to

20   possess any kind of firearm?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  Have you talked with your attorney

23   Mr. Little about the Sentencing Guidelines?

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  And, do you understand that this Court
```

1    will not be able to determine your sentence until after a

2    presentence report has been completed by the probation office

3    and you and the government have had a chance to challenge any

4    of the facts reported by the probation office?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  Do you also understand that if you are

7    sentenced to prison, parole has been abolished and you will not

8    be released any earlier on parole?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  Do you understand that if your attorney or

11   anyone else has attempted to estimate or predict what your

12   sentence will be, that their estimate or prediction could be

13   wrong?

14             THE DEFENDANT:  Yes.

15             THE COURT:  No one, Mr. Genovese, not even your

16   attorney or the government, can nor should give you any

17   assurance of what your sentence will be.  Your sentence cannot

18   be determined until after the probation office report is

19   completed and I have ruled on any challenges to the report and

20   determined what sentence I believe is appropriate giving due

21   regard to all the factors set forth in Section 3553(a).

22             Do you understand that?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Do you also fully understand that even if

25   your sentence is different from what your attorney or anyone

IAJ5genP

1     else told you it might be, or if it is different from what you

2     expect, that you will still be bound to your guilty plea and

3     you will not be allowed to withdraw your plea of guilty?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Now, at the start of this proceeding I was

6     handed a plea agreement.  Did you review this agreement?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  And did you discuss this agreement with

9     your attorney?

10               THE DEFENDANT:  Yes, sir.

11               THE COURT:  Did you sign this agreement?

12               THE DEFENDANT:  Yes, I did.

13               THE COURT:  Did you fully understand this agreement at

14    the time that you signed it?

15               THE DEFENDANT:  Yes, I did.

16               THE COURT:  Does this agreement represent the total

17    understanding among the government, your attorney, and you?

18               THE DEFENDANT:  Yes.

19               THE COURT:  Is everything about your plea and sentence

20    contained in this agreement?

21               THE DEFENDANT:  Yes.

22               THE COURT:  Has anything been left out?

23               THE DEFENDANT:  Not to my knowledge, no.

24               THE COURT:  Has anyone offered you any inducements, or

25    threatened you or forced you to plead guilty or to enter into

Case 1:19-cr-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 16 of 23
Case 1:16-cr-00169-WHP Document 222 Filed 10/29/18 Page 15 of 22    15
IAJ5genP

1      the plea agreement?

2                THE DEFENDANT:  No, sir.

3                THE COURT:  Do you understand, sir, that under the

4      terms of the plea agreement you are giving up your right to

5      appeal or otherwise challenge your sentence if this Court

6      sentences you within or below the stipulated guidelines range

7      of 121 to 151 months of imprisonment?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  Do you also understand that as part of

10     this agreement you are authorizing the entry of a consent

11     preliminary order of forfeiture as to specific properties and a

12     money judgment?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  Do you understand that I'm completely free

15     to disregard any position or recommendation by your attorney or

16     by the government as to what your sentence will be, and that I

17     have the ability to impose whatever sentence I believe is

18     appropriate under the circumstances and you will have no right

19     to withdraw your plea?

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  Mr. Little, do you know of any valid

22     defense that would prevail at trial, or do you know of any

23     reason why your client should not be permitted to plead guilty?

24               MR. LITTLE:  I do not, your Honor.

25               THE COURT:  Mr. Little, is there an adequate factual

Case 1:19-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 17 of 23    16
Case 1:16-cr-00169-WHP Document 222 Filed 10/29/18 Page 16 of 22

IAJ5genP

1    basis to support this plea of guilty?

2            MR. LITTLE:  There is, your Honor.

3            THE COURT:  Mr. Enzer, there adequate factual basis to

4    support this plea of guilty?

5            MR. ENZER:  Yes, your Honor.

6            THE COURT:  Very well.

7            Mr. Genovese, please tell me what you did in

8    connection with the securities fraud to which you are entering

9    a plea of guilty.

10            THE DEFENDANT:  I misrepresented my background in

11    order to induce people to become my clients and invest in my

12    fund.

13            THE COURT:  When, sir, did you do that?

14            THE DEFENDANT:  Possibly 2015.  Around there.

15            THE COURT:  And, over what period of time did you do

16    that?

17            THE DEFENDANT:  Two years.

18            THE COURT:  Can you be a little more specific with me

19    as to how you misrepresented your background in order to induce

20    people to invest with you?

21            THE DEFENDANT:  My employment experience and

22    education.

23            THE COURT:  What did you tell people?

24            THE DEFENDANT:  I told people I worked for -- that I

25    had worked for and gained experience from various firms, and I

Case 1:19-cv-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 18 of 23
Case 1:16-cr-00169-WHP Document 122 Filed 10/29/18 Page 17 of 22    17

IAJ5genP

1    had told people that I had a higher education than what I

2    actually have.

3            THE COURT:  And, with respect to the firms you

4    described, had you ever worked for those firms?

5            THE DEFENDANT:  No, sir.

6            THE COURT:  What firms in particular did you tell

7    people you worked for?

8            THE DEFENDANT:  Goldman Sachs and Bear Stearns.

9            THE COURT:  When you made those representations, did

10   you make those representations with the intent to induce people

11   to invest with you?

12           THE DEFENDANT:  Yes, sir.

13           THE COURT:  And, what was the name of your investment

14   vehicle?

15           THE DEFENDANT:  It was called Willow Creek Advisors.

16           THE COURT:  Did you understand, sir, that at that time

17   what you were doing was wrong and illegal?

18           THE DEFENDANT:  I assume.  Yeah.

19           THE COURT:  Is there any doubt in your mind that what

20   you were doing was wrong and illegal?

21           THE DEFENDANT:  Oh no.  No doubt whatsoever.

22           THE COURT:  Where were you, sir, when you were

23   engaging in making these false statements to people?

24           THE DEFENDANT:  In New York City.

25           THE COURT:  What borough?

Case 1:19-cv-00942-JGK-BCM Document 252-3 Filed 10/23/20 Page 19 of 23
Case 1:18-cr-00185-WHP Document 122 Filed 10/29/18 Page 18 of 22    18
IAJ5genP

1              THE DEFENDANT:  Manhattan.

2              THE COURT:  All right.

3              THE DEFENDANT:  Sorry.

4              THE COURT:  At this time, Mr. Enzer, would the

5     government briefly summarize its evidence against the

6     defendant?

7              MR. ENZER:  Certainly, your Honor.

8              The government would introduce, at trial, testimony

9     from victims who invested in Mr. Genovese's hedge fund Willow

10    Creek Advisors and certain related entities, based on false

11    statements that Mr. Genovese made about his background,

12    professional experience, and credentials including false

13    statements that he was related to the Genovese family that

14    owned and created the Genovese drug store chain and sold it for

15    many millions of dollars, and that he was an heir to the

16    fortune, false statements that he had previous work experience

17    at Goldman Sachs and Bear Stearns, and false statements about

18    his educational credentials including false claims that he had

19    earned an MBA from Dartmouth's Tucker School of Business, as

20    well as testimony from victims about their investment in the

21    funds and the ways in which they communicated with Mr. Genovese

22    which included e-mails, cell phone communications, and other

23    communications involving interstate communications.

24             Those victims would also testify about information

25    that was omitted by Mr. Genovese in soliciting investments

Case 1:19-cr-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 20 of 23    19
Case 1:18-cr-00163-WHP Document 122-1 Filed 10/29/18 Page 19 of 22
IAJ5genP

1    including omissions that they were not told that Mr. Genovese

2    had a prior felony criminal record that included felony

3    convictions for fraud-related offenses.

4         Second, there would be documents including documents

5    such as solicitation materials given to investors that included

6    various of the false representations that he made to solicit

7    investments, communications such as e-mails, and cell phone

8    text messages between him and various of his victims, bank

9    records showing transactions in which investors put money with

10   his fund, trading records in which he wasted some of those

11   funds and other records showing how he spent some of the money.

12        That's not all of the evidence but it is just some of

13   the highlights of the evidence the government would offer at

14   trial.  A more detailed discussion of that is set forth in the

15   criminal complaint and indictment against Mr. Genovese, which

16   we incorporate by reference.

17        THE COURT:  Thank you, Mr. Enzer.

18        By the way, Mr. Genovese, as a result of the scheme

19   and misrepresentations that you engaged in, how much money did

20   you obtain from unsuspecting investors?

21        THE DEFENDANT:  In total, I would say close to

22   $13 million.

23        THE COURT:  If you would stand, sir?

24        MR. ENZER:  Judge, one minute?  I forgot.  There are

25   two things I would like to proffer for the record.

Case 1:19-cr-00942-JGK-BCM Document 262-1 Filed 10/23/20 Page 21 of 23
Case 1:16-cr-00105-WHP Document 222 Filed 10/29/18 Page 20 of 22    20
IAJ5genP

```
 1              THE COURT:  Sure.

 2              Gentlemen, you can be seated for a moment.

 3              MR. ENZER:  Sorry, Judge.

 4              First, for the record, the government proffers that

 5    the investors, the victims who invested with this fund,

 6    purchased limited partnership interests in the fund which

 7    qualify as a security; and second, I already stated this in a

 8    summary of the government's evidence but the government

 9    proffers that we would be able to establish that the defendant

10    transmitted some of his false statements through instruments of

11    interstate communication.

12              THE COURT:  Thank you, Mr. Enzer.

13              Once again, Mr. Genovese.  Mr. Genovese, at this time,

14    sir, how do you plead to the charge in Count One of committing

15    securities fraud during the period from at least in or about

16    2015, through at least on or about February 2, 2018 in

17    violation of Title 17 of the United States Code, Sections

18    78j(b) and 78ff, Title 17 of the Code of Federal Regulations,

19    Section 240.10b-5, and Title 18 of the United States Code,

20    Section 2; guilty or not guilty?

21              THE DEFENDANT:  Guilty.

22              THE COURT:  Are you pleading guilty because you are

23    guilty?

24              THE DEFENDANT:  Yes, sir.

25              THE COURT:  Are you pleading guilty voluntarily and of
```

Case 1:19-cr-00942-JGK-BCM Document 62-3 Filed 10/23/20 Page 22 of 23    21
Case 1:16-cr-00165-WHP Document 122 Filed 10/29/18 Page 21 of 22

IAJ5genP

1    your own free will?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Mr. Little, do you wish me to make any

4    further inquiries of your client?

5              MR. LITTLE:  No.  Thank you, your Honor.

6              THE COURT:  Mr. Enzer, does the government wish me to

7    make any further inquiries of the defendant?

8              MR. ENZER:  No, your Honor.

9              THE COURT:  Mr. Genovese, because you acknowledge that

10   you are guilty as charged in the indictment and because I find

11   you know your rights and are waiving them knowingly and

12   voluntarily, and because I find your plea is entered knowingly

13   and voluntarily and is supported by an independent basis in

14   fact containing each of the essential elements of the offense,

15   I accept your guilty plea and adjudge you guilty of the

16   securities fraud count to which you have just pleaded.  You may

17   be seated.

18             Now, the U.S. Probation Office will next prepare a

19   presentence report to assist me in sentencing you.  You will be

20   interviewed by the probation office.  It is important that the

21   information that you give the probation officer be truthful and

22   accurate because the report is important in my decision as to

23   what your sentence will be.  You, and your attorney, have a

24   right and will have an opportunity to examine the report,

25   challenge or comment upon it, and to speak on your behalf

1    before sentencing.  I am going to set this matter down for

2    sentencing on February 15, 2019, at 2:00 p.m.

3            I am going to direct the government to promptly

4    provide a prosecution case summary to the probation department

5    and, Mr. Little, I am going to direct you to arrange promptly

6    for an interview of your client with the probation office.

7            MR. LITTLE:  Yes, your Honor.

8            THE COURT:  Very well.

9            Are there any other matters that counsel wish to

10   raise?

11           MR. LITTLE:  No thank you, your Honor.

12           MR. ENZER:  No thank you, your Honor.

13           THE COURT:  This matter is concluded.  Have a good

14   afternoon.  And I will be entering the order of forfeiture, the

15   preliminary order pursuant to the parties' agreement.

16           MR. ENZER:  Yes, your Honor.

17                            o0o