# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>NICHOLAS J. GENOVESE,  )<br>WILLOW CREEK INVESTMENTS, LP, and  )<br>WILLOW CREEK ADVISERS, LLC,  )<br>Defendants.  )<br>) | ECF CASE<br><br>18 Civ. 942 (JGK) |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendants Nicholas Genovese ("Genovese"), Willow Creek Investments, LP ("Willow Creek Fund") and Willow Creek Advisers, LLC (the "Willow Creek")(collectively the "Defendants" and "Willow Creek Entities")  having entered a general appearance; and the Court, on ___, having granted the SEC's motions for summary judgement against each of the Defendants, and default judgements against the Willow Creek Entities as reflected in the Court's decision dated ____.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Genovese and Willow Creek Fund are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Genovese and Willow Creek Fund are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Genovese and Willow Creek are permanently restrained and enjoined from violating Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), 80b-6(2) and 80b-6(4)] and Rule 206(4)-8 [17 C.F.R. § 275.206(4)-8], by, directly or indirectly, use of the mails or any means or instrumentality of interstate commerce:

  (a)  to employ any device, scheme, or artifice to defraud any client or prospective client;

  (b)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

  (c)  to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are liable for disgorgement of $5.32 million, representing ill-gotten gains from the conduct alleged in the complaint, together with prejudgment interest of $724,244.67, totaling $6,044,244.67, but that disgorgement and prejudgment interest are deemed satisfied by the order of restitution in the criminal case against Genovese in the case captioned *United States v. Nicholas Genovese,* 18 Cr. 183 (S.D.N.Y.) (WHP).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Genovese shall pay a civil penalty in the amount of $1 million to the Securities and Exchange Commission pursuant to Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)], Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(iii)], and Section 209(e)(2)(c) under the Advisers Act [ 15 U.S.C. § 80b-9(e)(2)(c)].

Defendant Genovese shall satisfy the obligation to pay a civil penalty ordered pursuant to this paragraph by paying the amount ordered to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Genovese may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant Genovese may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Nicholas J. Genovese as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Genovese shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant Genovese relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant Genovese. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment

SO ORDERED.

Dated: _____, 2020

      New York, New York

_____
UNITED STATES DISTRICT JUDGE